UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| Cyrus B. Chubineh, | Civil Action No.:   1:13-cv-220 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Credit Control Services, Inc., | |
| Defendant. | |

_____

## INTRODUCTION

1. Plaintiff Cyrus B. Chubineh brings this action for actual and statutory damages resulting from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter "TCPA").

2. The FDCPA is a statute prohibiting debt collectors from using abusive, deceptive, and unfair practices while attempting to collect a debt.

3. The TCPA is a statute prohibiting companies from making unwanted or unauthorized automated and/or prerecorded calls.

## PARTIES

4. Plaintiff Cyrus B. Chubineh is a natural person residing in the Town of Amherst, County of Erie, State of New York.

5. Defendant Credit Control Services, Inc. (hereinafter "Credit Control Services") is a Massachusetts business corporation with its principle place of business at Two Wells Avenue, Newton, MA 02459.

1

6. For purposes of the FDCPA, Credit Control Services is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Any and all acts of Defendant hereinafter alleged were performed by Defendant or its employees while under the scope of the Defendant's actual or apparent authority.

8. Any and all references to "Defendant" herein shall include the Defendant and/or an employee or employees of the Defendant.

## JURISDICTION AND VENUE

9. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 47 U.S.C. § 227b(3).

10. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here and Plaintiff resides here.

## FACTUAL ALLEGATIONS

11. Plaintiff obtained cellular phone service for telephone number 585-369-3119 on or about October 30, 2012. At all times relevant to this Complaint, Plaintiff was the primary user and subscriber of cellular telephone service for the aforementioned phone number (hereinafter "Subject Phone").

12. On or about December 4, 2012, Defendant called (hereinafter "Call 1") the Subject Phone.

13. On or about December 7, 2012, Plaintiff called Defendant (hereinafter "Call 2").

14. During Call 2, Defendant stated, "This is an attempt to collect a debt and any information will be used for that purpose."

15. Defendant's statement that Defendant was attempting to collect a debt from him confused and worried Plaintiff. By falsely alleging that Plaintiff owed a debt, Defendant violated 15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

16. During Call 2, Defendant identified itself as "CCS," "CCS Company" and "Credit Collection Services."

17. Defendant is registered in New York State and the Commonwealth of Massachusetts as "Credit Control Services, Inc." Entities names "CCS," "CCS Company" and "Credit Collection Services" are either registered to other unrelated businesses or do not exist.

18. Defendant's true business name is "Credit Control Services" or "Credit Control Services, Inc." By falsely using a name or names other than its true business name, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(14).

19. During Call 2, Defendant admitted that it had been attempting to contact and collect a debt from a person named Miles W*****. By improperly disclosing a debt owed by another, Defendant violated 15 U.S.C. § 1692c(b).

20. For purposes of the FDCPA, Call 2 is a "communication" as defined by 15 U.S.C. § 1692a(3).

21. On or about December 11, 2012, Plaintiff called Defendant (hereinafter "Call 3").

22. During Call 3, Defendant admitted using an automated dialer on Call 1.

23. For purposes of the TCPA, Defendant made Call 1 utilizing an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1), where no human being physically dialed the digits of Plaintiff's telephone number to initiate the call.

24. Plaintiff did not give Defendant, or any third party acting on behalf of Defendant, prior express invitation or permission to make any call to Plaintiff via automatic telephone dialing system.

25. Defendant did not seek or receive, nor did any third party acting on behalf of Defendant seek or receive, prior express invitation or permission from Plaintiff to make any call to Plaintiff via automatic telephone dialing system.

26. The Communications Act, 47 U.S.C. § 151 *et seq.*, which the TCPA is a part of, defines an act as "willful" if there is a conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of the TCPA. 47 U.S.C § 312f(1).

27. Defendant violated the TCPA knowingly or willfully because Call 1 was intentionally made to Plaintiff's number, to the Subject Phone, utilizing an automatic telephone dialing system.

28. Plaintiff has suffered actual damages as a result of these illegal communications in the form of anger, confusion and aggravation, among other negative emotions.

## CAUSE OF ACTION I. VIOLATIONS OF THE FDCPA

29. Plaintiff includes by reference all the above-mentioned paragraphs as though fully stated herein.

30. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including, but not limited to, each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

31. As a result of Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant.

## CAUSE OF ACTION II. VIOLATION OF THE TCPA

32. Plaintiff includes by reference all the above-mentioned paragraphs as though fully stated herein.

33. The foregoing acts and omissions of the Defendant constitute a of violation of the TCPA, 47 U.S.C. § 227 *et seq*.

34. As a result of Defendant's violations of the TCPA, Plaintiff is therefore entitled to statutory damages of $500.00 for each violation under the TCPA, pursuant to 47 U.S.C. § 227b(3)(B) or up to $1,500.00 for each violation for knowingly or willfully violating the TCPA under 47 U.S.C. § 227b(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief be granted from Defendant:

(a) Actual damages under the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

(b) Statutory damages of $1,000.00 under the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) Costs and disbursements of this action, along with reasonable attorney's fees under the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(3);

(d) Statutory damages of $500.00 per violation under the TCPA, pursuant to 47 U.S.C. § 227b(3)(B);

(e) Treble damages per violation for knowingly or willfully violating the TCPA under 47 U.S.C. § 227b(3); and

(f) For any and all additional relief as this Court deems just and proper.

Respectfully submitted,

Dated: February 27, 2013

Law Office of Christopher Lestak

By: Christopher E. Lestak
1380 Amherst Street
Buffalo, New York 14216
Telephone: 716-863-9730
lestaklaw@gmail.com

Attorney for Plaintiff